UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO 09-23766-CIV-UNGARO/SIMONTON

JESUS VELARDE URETA and others
similarly situated,

    Plaintiff,

v.

SHARP AUTOMOBILES CORP, and
MIGUEL O. SRUR,

    Defendants.
_____/

## JOINT MOTION TO STAY CASE PENDING ELEVENTH CIRCUIT DECISION

The parties, through their respective counsel, jointly move the Court to stay this matter (including discovery and motions) pending a determination by the Eleventh Circuit Court of Appeal on the issue of the scope and extent of interstate commerce necessary for coverage under the Fair Labor Standards Act and as grounds for this motion state:

    1.    A central issue in this lawsuit is coverage under the Fair Labor Standards Act. Defendants contend they are not a covered employer under the Fair Labor Standards Act ("the Act") because they do not engage in interstate commerce. There is also an issue of whether Plaintiff can establish individual liability under the Act.

    2.    On information and belief, there are several appeals which the Eleventh Circuit of Appeal has consolidated for determination of the issues of interstate commerce and enterprise coverage under the Act. As a result, judges in this District have stayed

FLSA cases with similar issues pending the Eleventh Circuit's ruling.  See, e.g., <u>Martinez v. Cancun Grill Inc.</u>, USDC Case No. 08-23362-CIV-GRAHAM; <u>Saucedo v. Phoenix Auto Sales, Inc.</u>, Case No. 08-21156-CIV-ALTONAGA; <u>Palma v. Safe Hurricane Shutters, Inc</u>., 2009 WL 1424172 (S.D. Fla 2009)[Judge Simonton].

3. The parties believe that judicial effort and their legal resources will be conserved by awaiting determination of the issues by the Eleventh Circuit.  For example, Defendant would probably file a Motion for Summary Judgment based on lack of coverage under the Act that would necessitate a response and a ruling from this Court.  On the other hand,  If the Eleventh Circuit rules that merely handling goods that were manufactured out of state and have moved through the avenues of commerce is sufficient to establish coverage under the Act, then Defendants clearly would not prepare and file such a motion.

4. Neither party will be prejudiced by a stay especially since it is anticipated that the Eleventh Circuit will rule shortly on the consolidated appeals.  (Oral Argument was held in October, 2009).

## MEMORANDUM OF LAW

The purpose of the Federal Rules of Procedure are "to secure the just, speedy and inexpensive determination of every action."  See Fed.R.Civ.P 1.  Courts are encourage to manage the cases before them to achieve this result.  <u>United States v.  McClendon</u>, 2010 U.S. App. LEXIS 10244 (11th Cir. 5/24/10);  <u>Chudasama v. Mazda Motor Corp</u>., 123 F.3d 1353, 1366 (11th  Cir. 1997).

The parties  believe that they and the Court will be best served if this case is stayed pending the Eleventh Circuit Court of Appeals decision in consolidated appeals relating to dispositive issues in this case.   The parties request the Court to stay all pending motions

and discovery to conserve legal expenses, especially since the Eleventh Circuit's ruling may obviate the need for certain types of discovery and rulings on motions.

For the foregoing reasons, the parties' joint Motion should be granted.

Dated :  June 10, 2010

| | |
|---|---|
| Eddy O. Marban, Esq. | LANGBEIN & LANGBEIN, P.A. |
| Counsel for Plaintiffs | Counsel for the Defendants |
| 782 NW LeJeune Road | 8181 NW 154th Street, Suite 105 |
| Miami, FL   33126 | Miami Lakes, FL 33016 |
| Tel: (305) 448-9292 | (Tel) (305) 556-3663 |
| Fax: (305) 448-2788 | (Fax)(305) 556-3647 |
| Email: marban@bellsouth.net | Email: langbeinpa@bellsouth.net |
| | |
| By   /s/ Eddy O. Marban | By /s/ Leslie W. Langbein |
|         Fla. Bar No. 435960 |         Fla. Bar No. 305391 |